```
UNITED STATES DISTRICT COURT                          For Online Publication Only
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LORENA VELASQUEZ, J.V., M.V.,

                        Plaintiffs,
                                                              ORDER
         -against-                                    19-CV-5368-JMA-AKT

                                                              FILED
SUFFOLK COUNTY POLICE (7TH PRECINCT)                          CLERK
ET AL.,
                                                      12/11/2019 10:23 am

                        Defendants.                   U.S. DISTRICT COURT
----------------------------------------------------------------X     EASTERN DISTRICT OF NEW YORK
                                                              LONG ISLAND OFFICE
```

**AZRACK, United States District Judge:**

On September 19, 2019, pro se plaintiff Lorena Velasquez ("Plaintiff") filed a complaint on behalf of herself and her minor children, J.V. and M.V., pursuant to 42 U.S.C. §1983 against the Suffolk County Police (7th Precinct), Sgt. Kennanally, Detective Sullivan, the "Internal Affair Beraue [sic] (Internal Complaint) Agency," and Captain Rafaiel Cand (collectively, "Defendants") together with an application to proceed in forma pauperis. (ECF Nos. 1, 2.) On September 24, 2019, Plaintiff filed an amended complaint against the same defendants. (ECF No. 6.) For the reasons that follow, the application to proceed in forma pauperis is granted and the claims brought by Plaintiff are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a). Any claims asserted on behalf of J.V. and M.V. are dismissed without prejudice.[1]

---

[1] It is well-established that a non-lawyer parent may not bring civil rights claims on behalf of minor children in federal court. See Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child in federal court). The Court has considered whether the appointment of counsel is warranted under the circumstances presented here. Because there is no right to counsel in a civil case, together with the fact that the complaint and amended complaint do not allege a plausible claim, the Court declines to appoint counsel at this early juncture. Accordingly, any claims asserted on behalf of J.V. and M.V. are dismissed without prejudice. See Mills v. Fischer, 09-CV-0966A, 2010 WL 364457, at *2 (W.D.N.Y. Feb. 1, 2010) (denying appointment of counsel for pro se minor in Section 1983 suit where the claims raised in the complaint were "not

**I.  BACKGROUND**[2]

Plaintiff's sparse amended complaint is submitted on the Court's Section 1983 complaint form.  The Statement of Claim, in its entirety, alleges:

> A. Where did the events giving rise to your claim(s) occur?
>
> From January 2018 to the present day our phones are being wiretapping also persecution are being happen and different location cause they police know how to track us.
>
> B. What date and approximate time did the events giving rise to your claim(s) occur?
>
> From 01/01/2018 to this present day we are victim's of them.  Now my disabled kids are also they targeting.
>
> C. What are the facts underlying your claim(s)? (For example: What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)
>
> My privacy was taken away.  My name has been defame.  I am being harrassm at grocery store etc.  They being influence other local agency to do the same wich I can prove it.  Now they heading the direction to my two disabled kids.  Conspire with Social Security Administration so they deny their help.  My children also are being harrasm by them no exception.  I need this to stop.  We want justice.  I have proof how they manipulated other people to harm my family.

(Am. Compl. ¶ III.A.-C.)  In the space on the form complaint that asks "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?", Plaintiff alleges:

> 1. Invasion of privacy of vulnerable people "children"
>
> 2. Descrimination base on race, conspiracy

---

likely to be of substance."); see also Schoon v. Berlin, 07-CV-2900, 2011 WL 1085274, at *2 (S.D.N.Y. Mar. 23, 2011) (denying appointment of counsel and dismissing all claims brought on behalf of child without prejudice where the complaint had "provide[d] insufficient indicia that the claims [we]re likely to be meritorious").

[2] Excerpts from the amended complaint are reproduced here exactly as they appear in the original. (ECF No. 6.)  Errors in spelling, punctuation, and grammar have not been corrected or noted.

3. Persecution, intimation, diffamation, false statement

(Id. at ¶ II.B.) As a result, Plaintiff claims that her

> health is affected I have no trusted to any one based of all the harrasm and manipulations they did to other people so they can do horrible and wrong actions toward us. I live in fear thinking they going to come back again and trespass our property like they usually do everytime I had asked for help.

(Id. at ¶ IV.) For relief, plaintiff

> want[s] the court to bring the perpetrator to face the justice and be exposed to the society. Also I'm looking money damages not for me for my childrens because they vulnerable and inocence there is not a legal reason for this wrong actions that the 7th precinct did to me and to them. $1,000000.

(Id. at ¶ V.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

Pro se submissions are generally afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). In addition, the Court is required to read Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation

marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

### C. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks

and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003) (quoting Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 254 (2d Cir. 2001)). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010) (Summary Order).

D. **Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" against each defendant named so that they have adequate notice of the claims against them. Fed. R. Civ. P. 8(a)(2), see Iqbal, 556 U.S. at 678 (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as

to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Iqbal, 556 U.S. at 678 (internal citations and alterations omitted).

### E. Application

Here, as is readily apparent, Plaintiff's amended complaint falls well short of the mark. Plaintiff's allegations are wholly conclusory and are devoid of factual content, making it impossible to determine the basis for her claims, the manner in which she was allegedly harmed, and who, if anyone, harmed her. In addition, wholly absent from Plaintiff's allegations is any description of what, if anything, each person named in the amended complaint allegedly did, or failed to do, and how such action or inaction violated Plaintiff's rights. See Mendes Da Costa v. Marcucilli, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (affirming dismissal where it was "virtually impossible to link the various defendants to [the plaintiff's] alleged injuries"). Moreover, the amended complaint fails to sufficiently allege a deprivation of her constitutional rights. Because conclusory allegations are insufficient to give fair notice of the events of which she complains, see, e.g., Williams v. Ponte, 16-CV-5420, 2019 WL 4696425, *2 (E.D.N.Y. Sept. 26, 2019) (dismissing amended complaint where allegations were merely conclusory), the amended complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 8 and 28 U.S.C. § 1915(e)(2)(B)(ii).

### F. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank,

171 F.3d 794, 795–96 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Hassan v. U.S. Dep't of Veterans Affairs, 137 F. App'x 418, 420 (2d Cir. 2005) (summary order).

Here, in an abundance of caution, the Court grants Plaintiff thirty (30) days to further amend her complaint to properly state a claim. Should Plaintiff choose to file a second amended complaint, the amended complaint must identify the individual defendants who are responsible for any deprivation of her constitutional rights and allege facts identifying how each Defendant was personally involved in any such deprivation. Plaintiff is advised that her second amended complaint will replace the amended complaint in its entirety and therefore she must include all of her claims and factual allegations against Defendants in the second amended complaint. The second amended complaint must be captioned as a "Second Amended Complaint," and bear the same docket number as this Order, 19-CV-5368-JMA-AKT. If submitted, the second amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915. Should Plaintiff choose to prepare a second amended complaint, she should carefully consider this Order and amend her claims accordingly.

If Plaintiff again fails to plead sufficient facts in her second amended complaint, or if she fails to file a second amended complaint within thirty (30) days, she will not have another opportunity to re-plead, and the Court will enter judgment. Alternatively, Plaintiff may pursue any valid claims she may have against Defendants under state law in state court.

### III. CONCLUSION

For the forgoing reasons, Plaintiff's application to proceed in forma pauperis is granted, but the amended complaint is sua sponte dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for noncompliance with the requirements of Federal Rule of

Civil Procedure 8. In addition, any claims asserted on behalf of Plaintiff's minor children, J.V. and M.V., in the amended complaint are dismissed without prejudice. The Court grants Plaintiff thirty (30) days to amend her complaint to properly state a claim.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: December 11, 2019
      Central Islip, New York

      /s/ (JMA)
     JOAN M. AZRACK
     UNITED STATES DISTRICT JUDGE